IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rodney Coleman, #237333, | C/A No. 0:05-683-GRA-BM |
| Petitioner, | |
| v. | **ORDER** |
| Warden Stann Burtt; and Henry McMaster, Attorney General for South Carolina, | [Written Opinion] |
| Respondents. | |

This matter is before the Court for review of the magistrate's Report and Recommendation filed September 29, 2005 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner brings this suit pursuant to 28 U.S.C. § 2254. The magistrate recommended that the case be dismissed, with prejudice, because petitioner's suit is untimely under the statute of limitations requirements of 28 U.S.C. § 2244(d) and that the Respondents' motion for summary judgment be granted. For the following reasons, this Court accepts the recommendation of the magistrate and holds that the Petitioner's action pursuant to 28 U.S.C. § 2254 is DISMISSED and Respondents' motion for summary judgment be GRANTED.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by

1

a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on October 13, 2005.

Petitioner's first objection states that the magistrate erred in finding that the Petitioner did not submit any evidence that the state habeas corpus petition was ever filed. Petitioner claims that the affidavit under the penalty of perjury and copy of the certificate of service as a matter of law was enough evidence to show that a genuine issue of material fact exists to preclude summary judgment in this petition. Regardless, of the Petitioner's argument, this court finds that the Petitioner's affidavit, or Petition for Writ of Habeas Corpus dated August 17, 2003 and copy of the certificate of service, which were filed with this Court, along with Petitioner's objections on October 13, 2005 are not sufficient evidence to overcome the magistrate's findings that there was never any record of any such petition having ever been filed.

The magistrate found that Petitioner failed to provide the Court with a copy of this alleged petition. (Report and Recommendation at 7). Further, the magistrate found the record did not contain a copy of the petition or any evidence that any such petition was filed. *Id.* The Petitioner's Writ of Habeas Corpus and copy of the certificate of service dated August 17, 2003 are handwritten, with a filing date of October 13, 2005. Therefore the Court will not consider these documents. Petitioner filed this petition outside the applicable statute of limitations pursuant to 28 U.S.C. § 2244(d). Therefore Petitioner's first objection is without merit.

After a review of the record and the Petitioner's remaining objection, this Court finds the objection to be repetitive and therefore meritless. As stated above, Petitioner filed this petition outside the applicable statute of limitations pursuant to 28 U.S.C. § 2244(d) and is therefore dismissed as being untimely.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED the Respondents' motion for summary judgment be GRANTED and that the Petitioner's action pursuant to 28 U.S.C. § 2254 is DISMISSED, with PREJUDICE, for having been filed outside the applicable statute of limitations, pursuant to 28 U.S.C. § 2244(d).

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November 2, 2005.

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.